UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

JOSE SAUL CORDOBA PORTILLO,                            *
JOSE ANIBOL VALLE,                                     *
WILLIAM MARTINEZ,                                      *
ANGEL ALIVIO ALMENDARES,                               *
JOSE BENIGNO RODRIGUEZ,                                *
HUGO SANTOS HIDALGO,                                   *
BENJAMIN RODRIGUEZ VASQUEZ,                            *
ALFREDO ROSALES MATUTE,                                *
JOSE ANTONIO DIAZ LEIVA, on behalf of                  *
themselves and all others similarly-situated,          *
                                                       *
                                    Plaintiffs,        *
                                                       *
              - against -                              *
                                                       *
NEW BEST FRUIT MARKET INC.                             *
d/b/a NEW BEST FRUIT MARKET,                           *
LIN ZHONG JIANG,                                       *
                                                       *
                                    Defendants.        *
---------------------------------------------------------------X

**CV 13 -          1304**

MATSUMOTO, J.

AZRACK, M.J.

## COMPLAINT

Jose Saul Cordoba Portillo, Jose Anibol Valle, William Martinez, Angel Alivio

Almendares, Jose Benigno Rodriguez, Hugo Santos Hidalgo, Benjamin Rodriguez Vasquez,

Alfredo Rosales Matute and Jose Antonio Diaz Leiva (collectively "Plaintiffs/Class

Representatives"), on behalf of themselves and all other similarly-situated affected employees

(the "Class Members"), by and through their attorneys, Friedman & Wolf, allege, upon personal

belief as to themselves and upon information and belief as to other matters, as follows:

## INTRODUCTION

1.      Defendant New Best Fruit Market Inc. d/b/a New Best Fruit Market

("New Best Fruit Market"), a New York Corporation, and Defendant Lin Zhong Jiang

(collectively "Defendants") employed Plaintiffs/Class Representatives and Class Members at a

grocery store owned and operated by Defendants located at 1530 Flatbush Avenue, Brooklyn,

New York 11210 ("the Grocery Store") for most or all of the relevant time period.

      2.       Throughout the relevant time period, Defendants failed to pay

Plaintiffs/Class Representatives and Class Members minimum wages and/or overtime

compensation, to which they were entitled under federal and New York law, and "spread of

hours" pay, to which they were entitled under New York law. Defendants typically required

Plaintiffs/Class Representatives and Class Members to work more than forty (40) hours per week

but failed to pay them any overtime compensation in excess of forty (40) hours per week, as

required by federal and New York law. Defendants typically required Plaintiffs/Class

Representatives and Class Members to work more than ten (10) hours from the start of their shift

in a given day but failed to pay the additional hour of compensation where mandated by New

York law.

      3.       Upon information and belief, Defendants did not accurately and

completely document gross or net wages paid to Plaintiffs/Class Representatives and Class

Members by the hour, day, or week. Upon information and belief, Defendants did not accurately

and completely document total hours worked by the day or week. Moreover, Defendants did not

provide wage statements/pay stubs for all wages Defendants paid to Plaintiffs/Class

Representatives and Class Members. Defendants did not provide notices upon hire or annual

notices, where relevant, to Plaintiffs/Class Representatives and Class Members, as required

under New York law.

      4.       Upon information and belief, Defendants maintain a policy to deprive

2

employees of their wages to which they are entitled by law. Defendants' unlawful conduct includes, but is not limited to, requiring Plaintiffs/Class Representatives and Class Members to work without lawful compensation and/or work significant overtime hours weekly without paying the overtime premium or "spread of hours" compensation.

5.     Defendants have willfully violated the Fair Labor Standards Act and New York Labor Law by failing to pay Plaintiffs/Class Representatives and Class Members minimum wage for all hours worked and pay any overtime premium, at one and a half times the regular rate, for hours worked in excess of forty (40) hours per week, failing to pay them "spread of hours" compensation when their workday exceeded more than ten (10) hours from the start of their shift, failing to maintain accurate and complete records, and failing to provide them with the required wage statements and notices, as applicable.

6.     Upon information and belief, Defendants are jointly and severally liable for the willful unlawful conduct described herein.

## NATURE OF THE ACTION

7.     This action is brought to recover unpaid wages owed to Plaintiffs/Class Representatives and all other similarly-situated affected employees of Defendants, as well as to seek equitable relief against Defendants' unlawful actions, and reasonable attorneys' fees and costs.

8.     Plaintiffs/Class Representatives bring this action on behalf of themselves and all similarly-situated affected employees of Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and specifically the collective action provision of FLSA, 29 U.S.C. § 216(b), in order to remedy Defendants'

3

violations of the wage and hour provisions of FLSA, which have deprived Plaintiffs/Class

Representatives and all others similarly-situated of their lawful, earned wages.

9. Plaintiffs/Class Representatives also bring this action on behalf of themselves and all similarly-situated affected employees of Defendants, pursuant to Fed. R. Civ. P. 23, for unpaid wages, including, but not limited to, unpaid minimum wages and overtime compensation for work in excess of forty (40) hours per week, and "spread of hours" compensation pursuant to the New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.* and Article 19 §§ 650 *et seq.*, and the corresponding New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142, as well as for statutory damages under the wage statement and notice provisions of NYLL § 195.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs'/Class Representatives' state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 18 U.S.C. § 1965.

12. This Court is authorized to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

Plaintiffs/Class Representatives

13. At all relevant times, Plaintiffs/Class Representatives Jose Saul Cordoba Portillo, Jose Anibol Valle, William Martinez, Angel Alivio Almendares, Jose Benigno

4

Rodriguez, Hugo Santos Hidalgo, Benjamin Rodriguez Vasquez, Alfredo Rosales Matute and Jose Antonio Diaz Leiva were covered employees within the meaning of FLSA, 29 U.S.C. § 203(e), and NYLL Articles 6 and 19.

14. At all relevant times, all Plaintiffs/Class Representatives were engaged in commerce within the meaning of 29 U.S.C. § 207(a).

15. Plaintiff Jose Saul Cordoba Portillo ("Portillo") has worked for Defendants at the Grocery Store from about April 2011 through the present. He is a clerk. He works a shift of twelve (12) hours per day, six (6) days per week. Defendants allot Portillo one (1) hour of unpaid lunch breaks per day. In total, Portillo works eleven (11) hours per day and sixty-six (66) hours per week. Defendants do not require Portillo to use a time clock to punch in and out for each shift. Defendants have paid Portillo as follows: $360 from April 2011 through November 2011; $420 from December 2011 through January 2012; $480 from February 2012 through April 2012; $500 from May 2012 through July 2012; $520 for the first two weeks in August 2012; $540 for the last two weeks in August 2012; $560 from September 2012 through the present. Defendants have always paid Portillo in cash and have not provided a pay stub. When computed on an hourly basis, Defendants have paid Portillo below the hourly New York minimum wage rate for a portion of the period of his employment. Defendants have not paid Portillo any overtime compensation for any hours worked in excess of forty (40) hours per week. Defendants have not paid Portillo any "spread of hours" compensation for any day in which his shift exceeded more than ten (10) hours. Defendants have not provided Portillo with the statutory notice upon hire and/or the annual notices under NYLL Article 6.

16. Plaintiff Jose Anibol Valle ("Valle") has worked for Defendants at the Grocery Store from about May 2012 through the present. He is a clerk. He works a shift of

5

twelve (12) hours per day, six (6) days per week. Defendants allot Valle one (1) hour of unpaid

lunch breaks per day. In total, Valle works eleven (11) hours per day and sixty-six (66) hours

per week. Defendants do not require Valle to use a time clock to punch in and out for each shift.

Defendants have paid Valle as follows: $480 from May 2012 through the present. Defendants

have always paid Valle in cash and have not provided a pay stub. Defendants have not paid

Valle any overtime compensation for any hours worked in excess of forty (40) hours per week.

Defendants have not paid Valle any "spread of hours" compensation for any day in which his

shift exceeded more than ten (10) hours. Defendants have not provided Valle with the statutory

notice upon hire and the annual notices under NYLL Article 6.

      17.    Plaintiff William Martinez ("Martinez") worked for Defendants at the

Grocery Store from about April 2011 through about April 2012. He was a clerk. He worked a

shift of twelve (12) hours per day, six (6) days per week. Defendants allotted Martinez one (1)

hour of unpaid lunch breaks per day. In total, Martinez worked eleven (11) hours per day and

sixty-six (66) hours per week. Defendants did not require Martinez to use a time clock to punch

in and out for each shift. Defendants paid Martinez as follows: $400 for April 2011; $420 from

May 2011 through July 2011; $430 from August 2011 through April 2012. Defendants always

paid Martinez in cash and did not provide a pay stub. When computed on an hourly basis,

Defendants paid Martinez below the hourly New York minimum wage rate for the entire period

of his employment. Defendants did not pay Martinez any overtime compensation for any hours

worked in excess of forty (40) hours per week. Defendants did not pay Martinez any "spread of

hours" compensation for any day in which his shift exceeded more than ten (10) hours.

Defendants did not provide Martinez with the statutory notice upon hire and/or the annual

notices under NYLL Article 6.

6

18.      Plaintiff Angel Alivio Almendares ("Almendares") has worked for Defendants at the Grocery Store from about May 2012 through the present. He is a clerk. He works a shift of twelve (12) hours per day, six (6) days per week. Defendants allot Almendares one (1) hour of unpaid lunch breaks per day. In total, Almendares works eleven (11) hours per day and sixty-six (66) hours per week. Defendants do not require Almendares to use a time clock to punch in and out for each shift. Defendants have paid Almendares as follows: $480 for May 2012; $500 from June 2012 through the present. Defendants have always paid Almendares in cash and have not provided a pay stub. Defendants have not paid Almendares any overtime compensation for any hours worked in excess of forty (40) hours per week. Defendants have not paid Almendares any "spread of hours" compensation for any day in which his shift exceeded more than ten (10) hours. Defendants have not provided Almendares with the statutory notice upon hire and the annual notices under NYLL Article 6.

19.      Plaintiff Jose Benigno Rodriguez ("Rodriguez") has worked for Defendants at the Grocery Store from about May 2012 through the present. He is a clerk. He works a shift of twelve (12) hours per day, six (6) days per week. Defendants allot Rodriguez one (1) hour of unpaid lunch breaks per day. In total, Rodriguez works eleven (11) hours per day and sixty-six (66) hours per week. Defendants do not require Rodriguez to use a time clock to punch in and out for each shift. Defendants have paid Rodriguez as follows: $500 from May 2012 through the present. Defendants have always paid Rodriguez in cash and have not provided a pay stub. Defendants have not paid Rodriguez any overtime compensation for any hours worked in excess of forty (40) hours per week. Defendants have not paid Rodriguez any "spread of hours" compensation for any day in which his shift exceeded more than ten (10) hours. Defendants have not provided Rodriguez with the statutory notice upon hire and the

7

annual notices under NYLL Article 6.

20.    Plaintiff Hugo Santos Hidalgo ("Hidalgo") has worked for Defendants at the Grocery Store from about September 2008 through September 2010, and from about September 2011 through the present. He is a clerk. He works a shift of twelve (12) hours per day, six (6) days per week. Defendants allot Hidalgo one (1) hour of unpaid lunch breaks per day. In total, Hidalgo works eleven (11) hours per day and sixty-six (66) hours per week. Defendants do not require Hidalgo to use a time clock to punch in and out for each shift. Defendants have paid Hidalgo as follows: $450 from September 2008 through September 2010; $470 from September 2011 through November 2011; $500 from December 2011 through February 2012; $540 from March 2012 through the present. Defendants have always paid Hidalgo in cash and have not provided a pay stub. When computed on an hourly basis, Defendants have paid Hidalgo below the hourly New York minimum wage rate for a portion of the period of his employment. Defendants have not paid Hidalgo any overtime compensation for any hours worked in excess of forty (40) hours per week. Defendants have not paid Hidalgo any "spread of hours" compensation for any day in which his shift exceeded more than ten (10) hours. Defendants have not provided Hidalgo with the statutory notice upon hire and the annual notices under NYLL Article 6.

21.    Plaintiff Benjamin Rodriguez Vasquez ("Vasquez") worked for Defendants at the Grocery Store from about August 2011 through about January 2012. He was a clerk. He worked a shift of twelve (12) hours per day, six (6) days per week. Defendants allotted Vasquez one (1) hour of unpaid lunch breaks per day. In total, Vasquez worked eleven (11) hours per day and sixty-six (66) hours per week. Defendants did not require Vasquez to use a time clock to punch in and out for each shift. Defendants paid Vasquez as follows: $530 from

8

August 2011 through January 2012. Defendants always paid Vasquez in cash and did not provide a pay stub. Defendants did not pay Vasquez any overtime compensation for any hours worked in excess of forty (40) hours per week. Defendants did not pay Vasquez any "spread of hours" compensation for any day in which his shift exceeded more than ten (10) hours. Defendants did not provide Vasquez with the statutory notice upon hire and/or the annual notices under NYLL Article 6.

22.     Plaintiff Alfredo Rosales Matute ("Matute") worked for Defendants at the Grocery Store from about January 2012 through about April 2012. He was a clerk. He worked a shift of twelve (12) hours per day, six (6) days per week. Defendants allotted Matute one (1) hour of unpaid lunch breaks per day. In total, Matute worked eleven (11) hours per day and sixty-six (66) hours per week. Defendants did not require Matute to use a time clock to punch in and out for each shift. Defendants paid Matute as follows: $430 from January 2012 through April 2012. Defendants always paid Matute in cash and did not provide a pay stub. When computed on an hourly basis, Defendants paid Matute below the hourly New York minimum wage rate for the entire period of his employment. Defendants did not pay Matute any overtime compensation for any hours worked in excess of forty (40) hours per week. Defendants did not pay Matute any "spread of hours" compensation for any day in which his shift exceeded more than ten (10) hours. Defendants did not provide Matute with the statutory notice upon hire and/or the annual notices under NYLL Article 6.

23.     Plaintiff Jose Antonio Diaz Leiva ("Leiva") worked for Defendants at the Grocery Store from about January 2012 through about June 2012. He was a clerk. He worked a shift of twelve (12) hours per day, six (6) days per week. Defendants allotted Leiva one (1) hour of unpaid lunch breaks per day. In total, Leiva worked eleven (11) hours per day and sixty-six

9

(66) hours per week. Defendants did not require Leiva to use a time clock to punch in and out for each shift. Defendants paid Leiva as follows: $480 from January 2012 through June 2012. Defendants always paid Leiva in cash and did not provide a pay stub. Defendants did not pay Leiva any overtime compensation for any hours worked in excess of forty (40) hours per week. Defendants did not pay Leiva any "spread of hours" compensation for any day in which his shift exceeded more than ten (10) hours. Defendants did not provide Leiva with the statutory notice upon hire and/or the annual notices under NYLL Article 6.

Defendants

24. Upon information and belief, Defendants New Best Fruit Market and Lin Zhong Jiang ("Jiang") own and/or operate the Grocery Store.

25. Upon information and belief, New Best Fruit Market is a New York domestic business corporation which filed with the New York Department of State, Division of Corporations, on June 20, 2006. Jiang is listed as the Chairman or Chief Executive Officer, and the address for the principal executive office is 1530 Flatbush Avenue, Brooklyn, New York 11210.

26. New Best Fruit Market is an "employer" of Plaintiffs/Class Representatives within the meaning of FLSA, 29 U.S.C. § 203(d), and NYLL Articles 6 and 19.

27. Upon information and belief, Jiang has been an owner, officer and/or operator of New Best Fruit Market at all relevant times.

28. Upon information and belief, Jiang has been an "employer" of Plaintiffs/Class Representatives within the meaning of the FLSA, 29 U.S.C. § 203(d), and NYLL at all relevant times. Jiang has acted in the interest of New Best Fruit Market in relation to

10

114183

Plaintiffs/Class Representatives and similarly-situated employees or Class Members during the relevant time period. Jiang, personally or through key managers, has hired and fired employees, including Plaintiffs/Class Representatives and Class Members. Jiang, personally or through key managers, has supervised and controlled work schedules and conditions of employment of Plaintiffs/Class Representatives and Class Members. Jiang, personally or through key managers, has determined the rate and method of payment of Plaintiffs/Class Representatives and Class Members during the relevant time period. Jiang, personally or through key managers, has maintained employment records, to the extent such records were kept.

29.     Upon information and belief, at all relevant times, Defendant New Best Fruit Market has been an enterprise "engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000.

### FLSA COLLECTIVE ACTION ALLEGATIONS

30.     Plaintiffs/Class Representatives repeat and reallege the allegations set forth in Paragraphs 1 through 29 as if the same were fully set forth herein.

31.     Plaintiffs/Class Representatives bring the First Cause of Action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of themselves and all similarly-situated affected employees who work or have worked for Defendants at the Grocery Store in the past three (3) years before the filing of this Complaint, absent tolling of the limitations period, and who have not been paid proper minimum wages and overtime compensation as required by FLSA (the "FLSA Collective").

32.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs/Class Representatives and members of the FLSA Collective. Upon

11

information and belief, there are numerous affected employees of Defendants whose job duties and compensation has been substantially similar to those of Plaintiffs/Class Representatives who have been underpaid as a result of Defendants' willful failure and refusal to pay the legally required minimum wages and overtime premium. Members of the FLSA Collective would benefit from the issuance of a court-supervised notice of the instant lawsuit and the opportunity to join the instant lawsuit. Members of the FLSA Collective are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to all members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## RULE 23 CLASS ALLEGATIONS – NEW YORK LABOR LAW

33.     Plaintiffs/Class Representatives repeat and reallege the allegations set forth in Paragraphs 1 through 32 as if the same were fully set forth herein.

34.     Plaintiffs/Class Representatives bring the Second Cause of Action under NYLL, pursuant to Fed. R. Civ. P. 23, on behalf of themselves and a class of all similarly-situated affected persons consisting of "all employees who work or have worked for Defendants at the Grocery Store, in the past six (6) years before the filing of this Complaint, absent tolling of the limitations period, and who have not been paid proper minimum wages, overtime compensation, and "spread of hours" compensation as required by NYLL" (the "Rule 23 Class").

35.     Upon information and belief, the persons in the Rule 23 Class are so numerous that joinder of all members is impracticable. Although the number of such persons is not known to Plaintiffs/Class Representatives, the facts on which a determination of the precise number of Rule 23 Class members may be ascertained is contained in records within the sole control of Defendants. Notice to Rule 23 Class members can be provided by means permissible

12

under Fed. R. Civ. P. 23.

36.     Upon information and belief, Defendants have acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate equitable relief with respect to the Rule 23 Class as a whole.

37.     Questions of law and fact common to the Rule 23 Class predominate over any questions solely affecting individual members of the Rule 23 Class, including, but not limited to:

a.      whether Defendants have failed to keep true and accurate records of all hours worked and compensation received by Plaintiffs/Class Representatives and members of the Rule 23 Class;

b.      what proof of all hours worked and compensation received is sufficient where an employer fails in its duty to maintain true and accurate records;

c.      whether Defendants have failed and/or refused to pay Plaintiffs/Class Representatives and the Rule 23 Class minimum wages for all hours worked within the meaning of NYLL Article 19, § 652(1);

d.      whether Defendants failed and/or refused to pay Plaintiffs/Class Representatives and the Rule 23 Class overtime compensation for all overtime hours worked in excess of forty (40) hours per week within the meaning of NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

e.      whether Defendants failed and/or refused to pay Plaintiffs/Class Representatives and the Rule 23 Class one hour of additional pay at the minimum hourly wage rate for each day during which they worked a spread of more than ten (10) hours where required by NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

f.      whether Defendants failed and/or refused to provide Plaintiffs/Class Representatives and the Rule 23 Class with wage statements, notices upon hire, and annual notices, as required by NYLL § 195(1), (4);

g.      the nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the class;

h.      whether Defendants' policy not to pay minimum wages and

13

overtime compensation reflecting all hours worked per week was done willfully or with reckless disregard of NYLL; and

i.   whether Defendants' policy of denying "spread of hours" pay was done willfully or with reckless disregard of NYLL.

38.   Upon information and belief, the claims of Plaintiffs/Class Representatives are typical of the claims of the Rule 23 Class members they seek to represent. Plaintiffs/Class Representatives and the Rule 23 Class members have worked for Defendants and have not been paid minimum wages and/or overtime compensation, and "spread of hours" compensation. Plaintiffs/Class Representatives and other Rule 23 Class members have suffered similar losses, injuries, and damage arising from the same unlawful practices, policies, and procedures of Defendants.

39.   Plaintiffs/Class Representatives will fairly and adequately represent and protect the interests of the Rule 23 Class. Plaintiffs/Class Representatives have retained competent counsel experienced in federal and state court labor law litigation.

40.   A class action is superior to all other available methods for the fair and efficient adjudication of this litigation, particularly in the context of wage and hour litigation like the instant action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The Rule 23 Class members have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the damages suffered by individual Rule 23 Class members are not *de minimis*, the damages are relatively small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices. The issues in the instant action can be decided by means of common, class-wide proof.

14

## CLASS-WIDE FACTUAL ALLEGATIONS – RECORDKEEPING VIOLATIONS

41.     Plaintiffs/Class Representatives repeat and reallege the allegations set forth in Paragraphs 1 through 40 as if the same were fully set forth herein.

42.     Upon information and belief, throughout the duration of their employment, Defendants failed to provide Plaintiffs/Class Representatives and Class Members with wage statements documenting all their hours worked or pay received, in violation of NYLL.

43.     Upon information and belief, for most or all of the relevant time period, Defendants have failed to completely and accurately document and record the number of hours worked each day or week by most Plaintiffs/Class Representatives and Class Members, as required by FLSA and NYLL.  Upon information and belief, Defendants have also failed to completely or accurately document and record total wages paid and total daily or weekly earnings, as required by FLSA and NYLL.

44.     Upon information and belief, for most or all of the relevant time period, Defendants failed to notify Plaintiffs/Class Representatives and Class Members of the minimum wage and overtime provisions of FLSA.  Upon information and belief, for most or all of the relevant time period, Defendants failed to post in any language, in a place accessible to employees and in a conspicuous manner, the notices of employee rights to receive minimum wages and overtime compensation as required by FLSA, supporting United States Department of Labor regulations, and NYLL.

45.     Upon information and belief, Defendants failed to provide Plaintiffs/Class Representatives and Class Members with notices upon hire and/or annually, as required by NYLL.

15

FIRST CAUSE OF ACTION:
FAIR LABOR STANDARDS ACT—UNPAID MINIMUM WAGES
AND/OR OVERTIME AND RECORDKEEPING VIOLATIONS
Brought on Behalf of Plaintiffs/Class Representatives and all Members of the FLSA Collective

46.     Plaintiffs/Class Representatives repeat and reallege the allegations set forth in Paragraphs 1 through 45 as if the same were fully set forth herein.

47.     Defendants have engaged in a widespread pattern and practice of violating FLSA, as detailed in this Complaint.

48.     Defendants are employers within the meaning of FLSA and were engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

49.     Plaintiffs/Class Representatives and FLSA Collective members are employees within the meaning of FLSA, 29 U.S.C. § 203(e).

50.     Upon information and belief, for most or all of the relevant time period, Defendants failed to make, keep, and preserve accurate records with respect to Plaintiffs/Class Representatives and members of the FLSA Collective, including, but not limited to, records of total earnings and total wages paid, as required by FLSA, 29 U.S.C. § 211(c), and supporting United States Department of Labor regulations.

51.     The minimum wage provisions set forth in 29 U.S.C. § 206 apply to Defendants. These provisions require that every employee covered by FLSA who is "suffered or permitted to work" must be paid a minimum wage for all hours worked.

52.     Section 206 of FLSA requires Defendants to pay employees a minimum wage of $7.25 per hour for all hours worked from July 24, 2009 to the present.

53.     The overtime compensation provisions set forth in 29 U.S.C. § 207 apply to Defendants. These provisions require that every employee covered by FLSA must be paid overtime compensation at one and one-half times the employee's regular rate for all hours

16

114183

worked in excess of forty (40) hours per week.

54.    Section 16(b) of FLSA, 29 U.S.C. § 216(b), entitles such employees to recover all unpaid wages, an equivalent amount as liquidated damages, interest on unpaid wages, reasonable attorneys' fees and costs, and other relief.

55.    At all times relevant to this action, Defendants have engaged in a policy or practice of failing and refusing to pay Plaintiffs/Class Representatives and members of the FLSA Collective minimum wages and/or overtime compensation for all hours worked.

56.    Defendants' failure to pay minimum wage and overtime compensation in violation of FLSA, as described in this Complaint, has been willful and intentional. Defendants have not made a good faith effort to comply with FLSA with respect to compensation of Plaintiffs/Class Representatives and members of the FLSA Collective.

57.    Because Defendants' violations of FLSA have been willful, a three (3) year statute of limitations applies, pursuant to 29 U.S.C. § 255. Upon information and belief, because Defendants concealed notice from Plaintiffs/Class Representatives and members of the FLSA Collective of their rights to receive minimum wages and overtime compensation as required by FLSA and supporting United States Department of Labor Regulations, discussed *supra* in paragraph 44, the claims of Plaintiffs/Class Representatives and members of the FLSA Collective for unpaid minimum wages and overtime compensation, plus liquidated damages, interest, reasonable attorneys' fees and costs, and other relief provided by 29 U.S.C. § 216(b), may extend beyond the three (3) year statute of limitations for willful violations of FLSA.

58.    As a direct result of Defendants' willful violations of FLSA, Plaintiffs/Class Representatives and members of the FLSA Collective have suffered damages by being denied minimum wages and/or overtime compensation in accordance with 29 U.S.C. § 201

17

*et seq.*

59.     As a direct result of Defendants' unlawful acts under 29 U.S.C. §§ 206 and 207, Plaintiffs/Class Representatives and members of the FLSA Collective have been deprived of minimum wages and/or overtime compensation in an amount to be determined at trial and are entitled to recovery of such amounts, plus liquidated damages, interest, reasonable attorneys' fees and costs, and other relief pursuant to 29 U.S.C. § 216(b).

60.     Members of the FLSA Collective are entitled to collectively participate in this action by choosing to "opt-in" and submitting written consents to join this action pursuant to 29 U.S.C. § 216(b).

61.     As employers of Plaintiffs/Class Representatives and FLSA Collective members, Defendants are jointly and severally liable for their unpaid wages, plus liquidated damages, interest, reasonable attorneys' fees and costs, and other relief pursuant to 29 U.S.C. § 216(b).

SECOND CAUSE OF ACTION:
NEW YORK LABOR LAW: UNPAID MINIMUM WAGES AND/OR OVERTIME
AND "SPREAD OF HOURS" COMPENSATION, RECORDKEEPING VIOLATIONS
UNDER ARTICLES 19, AND NOTICE AND RECORDKEEPING VIOLATIONS
UNDER ARTICLE 6
Brought on Behalf of Plaintiffs/Class Representatives and all Members of Rule 23 Class

62.     Plaintiffs/Class Representatives repeat and reallege the allegations set forth in Paragraphs 1 through 61 as if the same were fully set forth herein.

Unpaid Minimum Wages, Overtime, and "Spread of Hours" Compensation

63.     Defendants have engaged in a widespread pattern and practice of violating

NYLL, as detailed in this Complaint.

64.    At all times relevant, Plaintiffs/Class Representatives and Rule 23 Class members have been employees within the meaning of NYLL §§ 190, 651(5), 652, and the supporting New York State Department of Labor Regulations.

65.    Defendants are employers within the meaning of NYLL.

66.    The minimum wage provisions set forth in Articles 6, §§ 190 *et seq.*, and 19, §§ 650 *et seq.*, of NYLL and the supporting regulations apply to Defendants.

67.    Defendants are required to pay employees a minimum wage of at least $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009; and, $7.25 per hour for all hours worked from July 24, 2009 through the present, under NYLL § 652 and the supporting regulations.

68.    The overtime compensation provisions set forth in Article 19 of NYLL and the supporting regulations apply to Defendants.

69.    Defendants have failed to pay Plaintiffs/Class Representatives and members of the Rule 23 Class minimum wages for all hours worked and/or overtime compensation for all hours worked in excess of forty (40) hours per week.

70.    The "spread of hours" provisions set forth in Article 19 of NYLL and the supporting regulations apply to Defendants. Defendants are required to pay one hour of additional pay at the minimum hourly wage rate for each day during which employees work a spread of more than ten (10) hours from the start of their shift where required by NYLL Article 19, §§ 650 *et seq.*

71.    Defendants have failed to pay Plaintiffs/Class Representatives and members of the Rule 23 Class "spread of hours" compensation for all days in which employees'

19

shifts extended more than ten (10) hours from their start time.

72.     By Defendants' knowing and intentional failure to pay Plaintiffs/Class Representatives and members of the Rule 23 Class minimum wages and/or overtime compensation for all hours worked or all hours worked in excess of forty (40) hours per week, and "spread of hours" compensation for all days during which employees worked a spread of more than ten (10) hours from the start of their shift, Defendants have willfully violated NYLL Article 19 §§ 650 *et seq.* and the supporting regulations.

73.     As a direct result of Defendants' violations of NYLL, Plaintiffs/Class Representatives and members of the Rule 23 Class have suffered damages by being denied minimum wages and/or overtime compensation, and "spread of hours" compensation for all hours worked.

74.     As a direct result of Defendants' violations of NYLL, Plaintiffs/Class Representatives and members of the Rule 23 Class have been deprived of minimum wages and/or overtime compensation, and "spread of hours" compensation for all hours worked in an amount to be determined at trial and are entitled to recovery of such amounts, plus liquidated damages, reasonable attorneys' fees and costs, and interest.

75.     Additionally, because Defendants, upon information and belief, have concealed notice from Plaintiffs/Class Representatives and members of the Rule 23 Class of their rights to receive minimum wages and overtime compensation as required by FLSA, discussed *supra* in paragraph 44, the claims of Plaintiffs/Class Representatives and members of the Rule 23 Class for unpaid minimum wages, overtime compensation, statutory damages, and other relief may extend beyond the six (6) year statute of limitations for violations of NYLL.

Recordkeeping Violations under Article 19

76.    The recordkeeping provisions of Article 19 apply to Defendants and require Defendants to make, keep, and preserve accurate records with respect to Plaintiffs/Class Representatives and Rule 23 Class members, including, *inter alia*, hours worked each workday, the rate or rates of pay and the basis thereof, net pay, overtime rate of pay, and overtime hours worked, as required by NYLL § 661 and supporting regulations.

77.    Upon information and belief, Defendants have failed to make, keep, and preserve accurate records with respect to Plaintiffs/Class Representatives and Rule 23 Class members, including, *inter alia*, hours worked each workday, the rate or rates of pay and the basis thereof, net pay, overtime rate of pay, and overtime hours worked, as required by Article 19.

78.    By Defendants' knowing and intentional failure to make, keep, and preserve accurate records with respect to Plaintiffs/Class Representatives and Rule 23 Class members, Defendants have willfully violated NYLL Article 19 §§ 650 *et seq.* and the supporting regulations.


Notice and Recordkeeping Violations under Article 6

79.    The recordkeeping provisions of Article 6 apply to Defendants and require Defendants to make, keep, and preserve accurate records with respect to Plaintiffs/Class Representatives and Rule 23 Class members, including, *inter alia*, hours worked each workweek, the rate or rates of pay and the basis thereof, overtime rate of pay, gross and net wages, and overtime hours worked, as required by NYLL § 195(4) and supporting regulations.

80.    Upon information and belief, Defendants failed to make, keep, and preserve accurate records with respect to Plaintiffs/Class Representatives and Rule 23 Class

21

members, including, *inter alia*, hours worked each workweek, the rate or rates of pay and the basis thereof, gross and net wages, overtime rate of pay, and overtime hours worked, as required by NYLL § 195(4) and supporting regulations.

81.     By Defendants' knowing and intentional failure to make, keep, and preserve records with respect to Plaintiffs/Class Representatives and members of the Rule 23 Class, Defendants have willfully violated NYLL Article 6 §§ 190 *et seq.* and the supporting regulations.

82.     The recordkeeping provisions of Article 6 require Defendants to provide Plaintiffs/Class Representatives and Rule 23 Class members with wage statements reflecting gross and net wages, overtime rate of pay, the number of regular hours worked, and the number of overtime hours worked with every payment of wages, as required by NYLL § 195(3).

83.     Defendants have failed to provide Plaintiffs/Class Representatives and Rule 23 Class members with any wage statements reflecting gross and net wages, overtime rate of pay and the number of overtime hours worked with every payment of wages, as required by NYLL § 195(3).

84.     By Defendants' knowing and intentional failure to provide Plaintiffs/Class Representatives and members of the Rule 23 Class accurate and complete wage statements with every payment of wages, Defendants have willfully violated NYLL Article 6 §§ 190 *et seq.* and the supporting regulations.

85.     The recordkeeping provisions of Article 6 also require Defendants to provide Plaintiffs/Class Representatives and members of the Rule 23 Class hired after April 9, 2011, with notices upon hire including, *inter alia*, the rate or rates of pay and basis thereof, the regular pay day, and the employer's name, address, and phone number, as required by NYLL §

195(1). Section 195(1) also requires Defendants to provide all Plaintiffs/Class Representatives and members of the Rule 23 Class who were in Defendants' employ as of February 1, 2012, and annually thereafter, with an annual notice including, *inter alia*, the rate or rates of pay and basis thereof, the regular pay day, and the employer's name, address, and phone number.

86.     Defendants have failed to provide Plaintiffs/Class Representatives and members of the Rule 23 Class hired after April 9, 2011 with notices upon hire including, *inter alia*, the rate or rates of pay and basis thereof, the regular pay day, and the employer's name, address, and phone number, as required by NYLL § 195(1). Defendants have also failed to provide Plaintiffs/Class Representatives and members of the Rule 23 Class, who were in Defendants' employ as of February 1, 2012 and/or February 1, 2013, with an annual notice including, *inter alia*, the rate or rates of pay and basis thereof, the regular pay day, and the employer's name, address, and phone number.

87.     By Defendants' knowing and intentional failure to provide Plaintiffs/Class Representatives and members of the Rule 23 Class with the required notices, Defendants have willfully violated NYLL Article 6 §§ 190 *et seq.* and the supporting regulations.

88.     As a direct result of Defendants' violations of NYLL, Plaintiffs/Class Representatives and members of the Rule 23 Class are entitled to recover from Defendants' statutory damages for each work week that each wage statement and notice violation continued to occur in an amount to be determined at trial, as well as reasonable attorneys' fees and costs and interest, pursuant to NYLL § 198.

89.     As employers of Plaintiffs/Class Representatives and Rule 23 Class members, Defendants are jointly and severally liable for any statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs/Class Representatives, on their own behalf and on behalf of all other similarly-situated affected employees, pray for the following relief:

A.    That, at the earliest possible time, Plaintiffs/Class Representatives be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective, as defined above.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Designation of Plaintiffs as Class Representatives of the FLSA Collective and counsel of record as class counsel;

C.    Certification of Rule 23 Class, as set forth above, pursuant to Fed. R. Civ. P. 23;

D.    Unpaid minimum wages and/or overtime compensation, and an additional and equal amount as liquidated damages, pursuant to FLSA and the supporting United States Department of Labor Regulations;

E.    Unpaid minimum wages and/or overtime, and "spread of hours" compensation pursuant to NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

F.    Interest;

G.    Statutory damages for Defendants' notice and recordkeeping violations pursuant to NYLL Article 6, §§ 190 *et seq.*;

H.    Issuance of a declaratory judgment that the practices complained of in this

24

Complaint are unlawful under NYLL and FLSA;

        I.      An injunction requiring Defendants to pay all statutorily-required wages and an order enjoining Defendants from continuing their unlawful policies and practices as described herein with respect to members of the FLSA Collective and the Rule 23 Class;

        J.      Reasonable attorneys' fees and costs of the action; and

        K.      Such other legal or equitable relief as this Court shall deem necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated: March 8, 2013
      New York, New York

                       By:       *William Anspach*
                               William Anspach (WA-7233)

                               FRIEDMAN & WOLF
                               1500 Broadway, Suite 2300
                               New York, New York 10036
                               (212) 354-4500
                               **wanspach@friedmanwolf.com**

                               Attorneys for Plaintiffs

114183